IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Leo Lionel Payne, | ) | |
| | ) | Civil Action No. 3:18-cv-01993-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Jessica Mangum, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 3, 2018 (ECF No. 6). The court **ACCEPTS** the Report and incorporates it herein by reference. For the reasons set out in the Report, the court summarily **DISMISSES** Plaintiff's Complaint (ECF No. 1) *with prejudice*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 6 at 1–2.) As brief background, on July 20, 2018, Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this 42 U.S.C. § 1983 action against Defendant Jessica Mangum, a solicitor in Richland County South Carolina, for false arrest, false imprisonment, malicious prosecution, and racial discrimination. (ECF No. 1 at 4–5.)

On August 3, 2018, the Magistrate Judge entered her Report. (ECF No. 6.) In the Report, the Magistrate Judge reasoned that Defendant, who is a solicitor, which in South Carolina is a prosecutor, is immune from suit for prosecution of a plaintiff under § 1983. (ECF No. 6 at 3 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages under § 1983)).) Accordingly, the Report recommends summarily dismissing Plaintiff's Complaint (ECF

1

No. 1) *with prejudice* because he seeks damages against a defendant that is immune from such relief. (ECF No. 6 at 3 (citing 28 U.S.C. § 1915(e)(2)(B)(iii)).)

On June 11, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by August 17, 2018. (*Id*. at 5.) Plaintiff filed an Objection to the Report on August 13, 2018. (ECF No. 10.) Within his Objection, Plaintiff does not mention any errors in the Magistrate Judge's Report, and Plaintiff does not assert the Magistrate Judge erred in finding Defendant was entitled to prosecutorial immunity. (*See* ECF No. 10 at 2–5.) Instead, Plaintiff reargues that Defendant violated his civil rights and right to due process. (*Compare* ECF No. 1 at 4–5, *with* ECF No. 10 at 2–5.)

## II. STANDARD OF REVIEW

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id*. at 271. The court is charged with making a *de novo* determination of those portions of the Report to which *specific objections* are made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* U.S.C. § 636(b)(1).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*,

2

901 F.2d 387, 390–91 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III. DISCUSSION

On June 11, 2019, the Magistrate Judge notified the parties of their right to file *specific*, written objections to the Report by August 17, 2018. (ECF No. 6 at 5.) Plaintiff's Objection restates arguments he advanced in his Complaint (ECF No. 1) and, therefore, "do[es] not direct the court to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Specifically, Plaintiff's Objection never mentions the Report or alleges an error about the prosecutorial immunity finding, and only reiterates the Complaint's allegations. (*Compare* ECF No. 1 *with* ECF No. 10.)

In the absence of *specific*, written objections to the Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept a recommendation. *See Orpiano*, 687 F.2d at 47 ("Courts have also held *de novo* review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1).

Accordingly, construing Plaintiff's Objection liberally, the court finds that he failed to advance any specific objections to the Report; therefore, as the court discerns no clear error in the report, the court adopts the Report and dismisses Plaintiff's Complaint. *See Camby*, 718 F.2d

at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 28) and incorporates it herein by reference. For the reasons set out in the Report, the court summarily **DISMISSES** the Plaintiff's Complaint (ECF No. 1) *with prejudice*.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 23, 2019
Columbia, South Carolina